## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LESLIE GAGE,                                )
                                            )
                    Plaintiff,              )
                                            )      CIVIL ACTION
v.                                          )
                                            )      No. 14-1238-JWL
CAROLYN W. COLVIN,                          )
Acting Commissioner of Social Security,     )
                                            )
                    Defendant.              )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security

(hereinafter Commissioner) denying Disability Insurance benefits (DIB) and

Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and

1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and

1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Administrative Law Judge's

(ALJ) evaluation of the medical opinions, the court ORDERS that the Commissioner's

decision shall be REVERSED and that judgment shall be entered pursuant to the fourth

sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

I.     **Background**

Plaintiff applied for DIB and SSI, alleging disability beginning December 20,

2010.  (R. 12, 194, 199, 205).  Plaintiff exhausted proceedings before the Commissioner,

and now seeks review of the decision denying benefits.  She argues that the ALJ erred in finding that a Licensed Clinical Psychotherapist is not an acceptable medical source, and consequently erred in failing to evaluate the psychotherapist's opinions as treating source medical opinions.  The court agrees that the ALJ erred in considering the opinions.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

2

other evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  <u>Williams</u>, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  <u>Id.</u>

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work.  <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  <u>Blea v. Barnhart</u>, 466 F.3d 903, 907 (10th Cir. 2006); <u>accord</u>, <u>Dikeman v. Halter</u>, 245 F.3d 1182,

3

1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not adequately explain her evaluation of the opinions of Rebecca Honeycutt, a Licensed Clinical Psychotherapist (LCP), and the court finds that the correct legal standard was not applied to evaluate Ms. Honeycutt's medical opinions.

## II.    Evaluation of Ms. Honeycutt's Opinions

Ms. Honeycutt is a Licensed Clinical Psychotherapist who treated Plaintiff from January 13, 2011 through at least August 20, 2012.  (R. 852-83).  On two occasions, April 14, 2011 and December 14, 2012, she provided written opinions regarding Plaintiff's diagnosis, functional capabilities, and limitations.  (R. 731-33, 821-23).  The ALJ accorded "great weight" to the April 14, 2011 opinion and "little weight" to the December 14, 2012 opinion.  (R. 25).  Plaintiff argues that the ALJ failed to recognize that Ms. Honeycutt is an acceptable medical source, treated her as an "other medical source" in accordance with Social Security Ruling (SSR) 06-3p, and did not evaluate her opinions as treating source medical opinions.  (Pl. Br. 13-16).  In her response brief, the Commissioner argues that the ALJ reasonably evaluated Ms. Honeycutt's opinions.  She argues that regardless of whether Ms. Honeycutt is an acceptable medical source the record evidence supports the weight accorded to the opinions by the ALJ, and any error by the ALJ is harmless.  The court does not agree that the error was harmless.

4

### A.    Standard for Evaluating Medical Source Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources[1] that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. Id. §§ 404.1527(c), 416.927(c); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2014).  A physician or psychologist who has treated a patient frequently over an extended period of time (a treating source) is expected to have greater insight into the patient's medical condition, and her opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an acceptable medical source who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:"  an acceptable medical source who has examined the claimant, but never had a treatment relationship.  Id.
"Nonexamining source:"  an acceptable medical source who has not examined the claimant, but provides a medical opinion.  Id.

of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2014) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must confirm that the opinion is also consistent with other substantial evidence in the record.  Id.  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

The ALJ must give reasons in the decision for the weight she gives the opinion.  Id. 350 F.3d at 1301.  "Finally, if the ALJ rejects the opinion completely, [s]he must then give 'specific, legitimate reasons' for doing so."  Id.  (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Recognizing the reality that an increasing number of claimants have their medical care provided by health care providers who are not acceptable medical sources--nurse practitioners, physician's assistants, social workers, and therapists, the Commissioner promulgated SSR 06-3p.  West's Soc. Sec. Reporting Serv., Rulings 327-34 (Supp. 2014).  In that ruling, the Commissioner noted:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Id. Rulings, 330-31.

SSR 06-3p explains that such opinions will be evaluated using the regulatory factors for evaluating medical opinions; id. at 331-32(citing 20 C.F.R. §§ 404.1527, 416.927); and explains that the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  Id. at 333; see also Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007) (remanding for consideration of a nurse-practitioner's opinions in light of SSR 06-3p).

**B.      The ALJ's Findings**

With regard to Plaintiff's mental capabilities, the ALJ evaluated and accorded weight to five medical source opinions:  The opinion of an Advanced Registered Nurse Practitioner (ARNP) who provided medication management for Plaintiff at Via Christie Behavioral Health, Ms. Vera Vitt.  (R. 639-40).  The opinion of a state agency psychological consultant, Dr. Robert McRoberts, who denied Plaintiff's application "for

psychology." (R. 726).  The opinion of a physician, Brandon Riesenmy.  (R. 729-30).

And two opinions provided by Ms. Honeycutt, who provided psychotherapy to Plaintiff at

Via Christie Behavioral Health.  (R. 732-33, 822-23).  Of these medical sources, only Ms.

Vitt and Ms. Honeycutt treated Plaintiff.  The ALJ accorded "great weight" to the

opinions of Ms. Vitt and Dr. McRoberts, and "little weight" to Dr. Reisenmy's opinion.

(R. 24-25).  As to Ms. Honeycutt's opinions, the ALJ accorded "great weight" to her

opinion of April 2011, and "little weight" to her December 2012 opinion.  (R. 25).

### C.   Analysis

Central to the decision of this case is whether a Licensed Clinical Psychotherapist

is an "acceptable medical source" within the meaning of the regulations.  The regulations

do not specifically define an "acceptable medical source" except by reference to examples

of particular healthcare professionals who may be treating sources, nontreating sources or

nonexamining sources.  20 C.F.R. §§ 404.1502, 404.1513(a), 416.902, 416.913(a).  One

group of healthcare professionals which the regulations provide as an example of an

acceptable medical source are "Licensed or certified psychologists."  Id. at

§§ 404.1513(a)(2), 416.913(a)(2).  Historically, the State of Kansas licenses psychologists

who have only a master's degree as "Licensed Master Level Psychologists" (LMLP).

Kansas Behavioral Sciences Regulatory Board, Master Level Psychologists, available at:

http://www.ksbsrb.org/masterpsychologists.htm (Last visited June 2, 2015).  Such

psychologists may only practice under the direction of certain licensed healthcare

professionals such as Licensed Psychologists or Licensed Clinical Psychotherapists.  Id.

Based upon the facts that such psychologists are licensed within the meaning of the regulations, and that the regulations do not exclude master level psychologists from consideration as acceptable medical sources, courts in the District of Kansas have recognized them as acceptable medical sources when reviewing Social Security decisions.  Huiett v. Colvin, No. 12-1350-SAC, 2014 WL 1095028, *3 (D. Kan. Mar. 19, 2014); West v. Barnhart, No. 02-1007-MLB slip op. (D. Kan. 5 May 2003); Alvarez v. Apfel, No. 94-1090-JTM, 2000 WL 433094, *2-6 (D. Kan. Jan. 30, 1998).  In 1999 the Kansas legislature created a level of independent clinical licensure for Masters Level Psychologists--Licensed Clinical Psychotherapists (LCP).  See, http://www.ksbsrb.org/masterpsychologists.htm.  Ms. Honeycutt is an LCP, and is able to practice independently, and to direct the practice of LMLPs.  Id.  At least one court in the District of Kansas has recognized that an LCP is within the regulation's definition of a licensed psychologist, and is an acceptable medical source within the meaning of the regulations.  Bronson v. Astrue, 530 F. Supp. 2d 1172, 1182 (D. Kan. 2008).  The court finds the reasoning of the decisions cited above persuasive, and finds that Ms. Honeycutt is an LCP, which is an acceptable medical source within the meaning of the regulations.

Plaintiff argues that the ALJ failed to recognize that Ms. Honeycutt is an acceptable medical source and therefore failed to evaluate her opinions as treating source opinions, failed to consider whether they might be worthy of controlling weight, and failed to accord them appropriate deference in evaluating the other opinions.  Although Plaintiff's argument has a basis in the ALJ's decision, it is not clear that the ALJ did not

recognize Ms. Honeycutt as an "acceptable medical source."  In fact, it is simply not clear how the ALJ evaluated Ms. Honeycutt's opinions.   For that reason, remand is necessary for the Commissioner to evaluate Ms. Honeycutt's opinions properly.

Here, it is clear that Ms. Honeycutt is an acceptable medical source, and that she treated Plaintiff consistently from January, 2011 through August, 2012.  (R. 852-83).  Therefore, there can be no doubt that Ms. Honeycutt is a "treating source" within the meaning of the regulations.  As such, the ALJ must consider whether her opinions are worthy of controlling weight, must evaluate her opinions with deference as the opinions of a treating source, and must provide specific, legitimate reasons to reject any of them.

The ALJ accorded "little weight" to Ms. Honeycutt's December, 2012 opinion, in part because "Ms. Honeycutt is a [sic] LCP and not a treating medical source whose opinion would be entitled to greater weight."  (R. 25) (emphasis added).  It is this finding upon which Plaintiff bases her assertion that the ALJ determined Ms. Honeycutt is not an "acceptable medical source."  It is true that a healthcare provider who is not an acceptable medical source cannot be a treating medical source.  That may be what the ALJ meant by her statement, but that is not what she said.  Moreover, the ALJ later considered the opinion of an ARNP and accorded it "little weight" because it was not the opinion of an "acceptable medical source."  (R. 25).  But, in that instance she specifically stated that the ARNP was not an "acceptable medical source."  Id.  In any case, Ms. Honeycutt is a treating source, and the ALJ stated that she was not.  That is error.  Moreover, the ALJ did not specifically acknowledge that Ms. Honeycutt is an "acceptable medical source."

11

The Commissioner's argument (that because the ALJ provided reasons which are supported by the record in discounting Ms. Honeycutt's opinions, any error in the ALJ's failure to recognize her as an acceptable medical source constitutes harmless error) is without merit, because the ALJ clearly did not apply the treating physician rule to Ms. Honeycutt's opinions.  Because the ALJ found that Ms. Honeycutt is not a treating medical source, she did not consider whether her opinions might be worthy of controlling weight, and she did not consider Ms. Honeycutt's opinions with the deference of which treating source opinions are due.  Therefore, remand is necessary because the ALJ erred in finding that Ms. Honeycutt is not a treating medical source, and consequently failed to apply the correct legal standard in evaluating Ms. Honeycutt's opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 3rd  day of June 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**